```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
                 3:07CV179-W
```

```
DWAYNE BROWN,                    )
     Plaintiff,                  )
                                 )
          v.                     )         ORDER
                                 )
JASON COLWELL, et al.,           )
     Defendants.                 )
_____  )
```

**THIS MATTER** comes before the Court on the plaintiff's "Motion For Reconsideration," filed May 10, 2007. Essentially, this is the plaintiff's third attempt to secure permission to proceed with his civil action without prepayment of the $350.00 filing fee. For the reasons stated herein, the plaintiff's Motion for Reconsideration will be denied.

By the plaintiff's first IFP Application, he reported, inter alia, that he was unemployed and had not worked since December 2006. The plaintiff also reported that he did not have any financial resources. However, the plaintiff failed to provide, as requested by the Application form, the name and address for his last employment, and the salary which he received from that job.

Oddly, however, the plaintiff did report, notwithstanding his representations of total indigence, that his daughter and two grandchildren were dependant upon him for support in the amount of $395.00. Consequently, inasmuch as the plaintiff had failed to

provide all of the requested information, and the Court could not reconcile his assertions of poverty with his claim that he supported his family, the Court denied the plaintiff's Application. Specifically, the Court's Order of April 27, 2007 directed the plaintiff either to pay the $350.00 filing fee or to amend his Application with the necessary information.

Purportedly to that end, on April 30, 2007, the plaintiff filed an Amended IFP Application. By that second Application, the plaintiff explained that his last employment in December 2006 was with California Closets, where he earned $575.00 per week. However, in that second Application the plaintiff also reiterated his conflicting representations that he had no employment, income or support from any source, but he somehow was able to provide $390.00 in monthly support for his family.

Accordingly, because of the plaintiff's continued failure to explain how he is able to sustain himself--much less provide the reported support for his daughter and grandchildren, the Court granted his amended IFP Application, but only in part. That is, by the Court's Order of May 7, 2007, the first $200.00 of the plaintiff's filing fee was waived, and he was directed to remit the balance of $150.00 within thirty days.

Now, by the instant Motion for Reconsideration, the plaintiff takes issue with the Court's partial waiver of his filing fee arguing, among other matters, that he is "totally disabled and unable to pay the required fee"; that he is "wholly without means

of rendering such payment"; and that "any funds which [he] earned from employment some five months to date, has [sic] all been depleted and utilized from [sic] bills, food, personal care, and applied to dependants as reflected." However, the Court is perplexed by the plaintiff's continued protestations of indigence in that such assertions clearly allude to resources for which the plaintiff still has made no attempt to make an accounting to the Court. That is, the plaintiff's argument that he now has depleted his funds makes it obvious that there is/was a source of funds which plaintiff simply has never identified.

Moreover, even as of the time that plaintiff filed his amended IFP Application, he still maintained that he was providing nearly $400.00 per month in financial support for his family. Yet the plaintiff has never explained how, despite his claim of total poverty, he is able to sustain himself. As such, the Court finds that the plaintiff's claim of total poverty are unreliable, and that his belated claim of depleted assets are unsubstantiated. Ultimately, therefore, the plaintiff's Motion for Reconsideration will be denied for his failure to demonstrate that he, in fact, does not have sufficient financial resources from which to pay the $150.00 partial filing fee.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The plaintiff's Motion for Reconsideration is **DENIED.**

2. Within twenty (20) days of the date of this Order, the plaintiff shall remit a partial filing fee of $150.00 for this

matter.  **Failure to remit the subject filing fee as herein directed could result in the summary dismissal of this action.**

3.  Upon receipt of the plaintiff's partial filing fee, the Clerk shall prepare process for this matter and deliver it to the U.S. Marshal.

4. The U.S. Marshal shall serve process upon the defendants.

**SO ORDERED.**

Signed: May 31, 2007

Frank D. Whitney
United States District Judge